IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terrance Walter,                                         Case No.: 1:11CV1386

      Petitioner

v.                                                                      **ORDER**

Bennie D. Kelly, Warden,

      Respondent

      This is a habeas corpus case under 28 U.S.C. § 2254 in which petitioner, convicted following a jury trial of aggravated murder and related crimes, has filed objections to a Magistrate Judge's Report and Recommendation.[1] (Doc. 21). For the reasons that follow, based on *de novo* review of the Report and Recommendation, I adopt the Report and Recommendation as the order of this court, enter judgment of dismissal accordingly, and decline to issue a certificate of appealability.

      The evidence established beyond a reasonable doubt that on February 10, 2003, petitioner, accompanied by co-defendant (and later State's witness) Antonio Campbell, went to the home of the victim, Samuel Sims. Petitioner shot Sims in his garage in front of his nine-year-old son, Tres. On direct appeal, petitioner successfully challenged his convictions for two counts of aggravated

---

[1] Petitioner also appeals the Magistrate Judge's decision to overrule his motion to expand the record. As a non-dispositive motion, I review that decision for an abuse of discretion. I find no such abuse in that decision. In any event, were it subject to *de novo* review, I would reach the same decision as the Magistrate Judge – and for the same reasons he expressed in his opinion.

burglary. But the Court of Appeals upheld the murder and felonious assault convictions.[2]

The petitioner asserted nine grounds in his habeas petition. The Magistrate Judge found most to be either procedurally defaulted or not cognizable. Those he considered on the merits he found to be without merit. I agree with his conclusions.

## Discussion

### 1. Defaulted Claims

The defaulted grounds were One, Two, Nine, and Ten. The Magistrate's determination that such default bars habeas review is well taken.[3]

Ground One – denial of the Sixth Amendment right to a speedy trial – was defaulted when the petitioner failed to include this ground in his direct appeal. Petitioner's assertion of this claim in a Rule 26(B) motion did not suffice either to revive this claim or overcome its defaulted status.

Ground Two – constructive amendment to the indictment. Petitioner did not submit this claim in his direct appeal or otherwise to the State courts. In any event, there is no federal constitutional right to indictment, *Hurtado v. California*, 110 U.S. 516, 537-38 (1884), and any suggestion that the petitioner's due process right to fair notice (even if raised) was violated is entirely without merit.

Ground Nine – ineffective assistance of counsel, due to counsel's failure to cross-examine Tres and refusal to secure other witnesses – is likewise defaulted. Petitioner raised an IAC claim on direct appeal, but his claim in this case asserts a different factual basis. Petitioner thus failed to

---

[2] Further details about the petitioner's actions, ensuing investigation, and evidence appear in the Report and Recommendation, and I need not repeat them here.

[3] The Magistrate Judge thoroughly and accurately recited the legal doctrines applicable to procedural default. Repeating them here would serve no useful purpose.

present his instant IAC claim to the state courts, thereby committing default.[4]

Ground Ten – denial of Rule 35 demand for new trial on the basis of newly discovered evidence was likewise defaulted. This is so because the Court of Appeals dismissed the claim because the petitioner failed to file the required record.

In any event, and of dispositive significance, the trial judge found that the evidence was not new, but could have been offered at trial. In addition to this finding, the judge made a factual finding, amply justified by the record, that the evidence was not credible.

As the Magistrate Judge found, petitioner has not met his burden of showing cause for, or prejudice from, his defaults.

## 2. Non-Cognizable Claims: Grounds Four and Five

Grounds Four and Five raise essentially the same kind of claims; namely, challenges to the admission of evidence. I agree with the Report and Recommendation conclusion that these claims, based on state law, are not cognizable in a habeas corpus proceeding. *See*, *e.g.*, *Estelle v. McGuire*, 502 U.S. 62 (1991). The facts of this case do not fit within the narrow exception for violations of fundamental fairness. *See Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993).

## 3. Non-Meritorious Claims: Grounds Three, Six, Seven, and Eight[5]

### a. Ground Three

---

[4] There is, moreover, no factual basis for petitioner's contention that his lawyer failed to cross-examine Tres. The record shows the attorney did so. While petitioner may quibble about the substance of that examination, how the attorney conducted the cross of a child witness was entirely a matter for the attorney's determination. Petitioner's efforts to second guess his lawyer's performance raises no cognizable claim of ineffective assistance of counsel.

[5] Petitioner does not object to the finding that Ground Eight is without merit.

Petitioner claims that the trial court refused to hold a hearing and consider his request to proceed *pro se*. The state Court of Appeals rejected this claim on the basis of both federal and state law. It did so properly. The right to self-representation is not unlimited. In this instance, the petitioner's request came during the fourth day of trial. Thus, *ipso facto*, his request was not timely – and properly denied. No constitutional violation occurred.

### b. Ground Six

Petitioner claims a due process violation occurred during closing argument. He claims that a prosecutorial comment on the fact he had declined to give a written statement constituted an improper comment on his right to remain silent.

Not so: the petitioner had already given an oral statement, thereby waiving his right to silence. The prosecutor could thereafter fairly comment on his failure to follow up with a written statement. *Connecticut v. Barrett*, 479 U.S. 523 (1987).

### c. Ground Seven

Petitioner claims that the evidence is insufficient that he committed a felonious assault against the victim's son Tres. The General Assembly has defined this offense in O.R.C. § 2903.11(A)(2). That provision states, that no person shall "[c]ause or attempt to cause physical harm to another . . . ." The revised code defines "serious physical harm" to include any mental illness of such gravity that would normally require hospitalization or prolonged psychiatric treatment. O.R.C. § 2901(A)(5)(a).

Here, the record is replete with evidence of the severe adverse consequence on a very young child. There is no merit to the petitioner's contention that his conviction of this charge violated his rights to due process.

### d. Ground Eleven

Ground Eleven, which petitioner raised as a supplement to his original petition, claims that there was insufficient evidence to prove he knowingly caused harm to Tres. (Doc. 10). Respondent then responded that the ground is without merit. (Doc. 14). Respondent here reiterates its position that the claim is meritless and should be dismissed.

Petitioner admitted he knew Tres was in the garage. The state courts founds, and I agree, that this evidence sufficed to establish the element of knowledge.

There is no merit to petitioner's eleventh ground.

### Conclusion

I have conducted a *de novo* review of petitioner's claims. I find, as summarized above, that the Magistrate Judge properly evaluated and adjudicated his claims.

I also conclude that there is no likely chance of prevailing on an appeal from this decision. I will, accordingly, deny a certificate of appealability.

It is, therefore,

ORDERED THAT:

1. Petitioner's objections to the Magistrate Judge's Report and Recommendation be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation that the petition for relief habeas corpus be denied, and the same hereby is, adopted; and

3. The petition for a writ of habeas corpus be, and the same hereby is, dismissed.

4. No certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

So ordered.

                                                                    s/James G. Carr
                                                                     Sr. U.S. District Judge